# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMAZON.COM, INC., a Delaware corporation doing business as "AMAZON"; YUYAO HENGMU ELECTROMECHAMICAL INDUSTRY AND TRADE CO., LTD. dba JOYPARTS, a Foreign Corporation doing business in California; and DOES 1 to 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RILEY JACKSON, an individual;

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
6/24/2025 9:50:26 AM

Clerk of the Superior Court
By E. Noriega        ,Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court, Hall of Justice

330 West Broadway, San Diego, CA 92101

| CASE NUMBER:<br>*(Número del Caso):* | 25CU032913C |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Gomez, Madison Henry; Gomez Trial Attorneys, 755 Front Street, SD, CA 92101; 619-237-3490

| DATE:<br>*(Fecha)* June 25, 2025 | Clerk, by<br>*(Secretario)* ___E. Noriega___ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Amazon.com, Inc., a Delaware corporation doing business as "Amazon"

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> John H. Gomez, Esq. (SBN 171485); Madison Henry, Esq. (SBN 353076) <br> GOMEZ TRIAL ATTORNEYS 755 Front Street, San Diego, CA 92101 <br><br> TELEPHONE NO.: 619-237-3490    FAX NO.: 619-237-3496 <br> EMAIL ADDRESS: teamgomez@getgomez.com <br> ATTORNEY FOR *(Name):* Plaintiff Riley Jackson | *FOR COURT USE ONLY* <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego <br><br> 6/24/2025 9:50:26 AM <br><br> Clerk of the Superior Court <br> By E. Noriega    ,Deputy Clerk |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
RILEY JACKSON v. AMAZON.COM, INC. et al.

| CIVIL CASE COVER SHEET <br> [x] Unlimited    [ ] Limited <br> (Amount demanded exceeds $35,000)    (Amount demanded is $35,000 or less) | Complex Case Designation <br> [ ] Counter    [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br> 25CU032913C <br> JUDGE: <br> DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[x] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4.  Number of causes of action *(specify):* SIX (6)
5.  This case [ ] is   [x] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 24, 2025
Madison L. Henry, Esq.
_____         ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

John H. Gomez, Esq. (SBN 171485)
Madison L. Henry, Esq. (SBN 353076)
**GOMEZ TRIAL ATTORNEYS**
755 Front Street
San Diego, CA 92101
Telephone: (619) 237-3490
Fax: (619) 237-3496
E-Service: teamgomez@getgomez.com

Samuel G. Lynn, Esq. (SBN: 317563)
**Law Office of Samuel G. Lynn, PC**
402 W. Broadway, Ste 1500
San Diego, CA 92101
Tel: (619)377-8314
Email- slynn@sglinjurylaw.com

Attorneys for Plaintiff
RILEY JACKSON

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
6/24/2025 9:50:26 AM

Clerk of the Superior Court
By E. Noriega        ,Deputy Clerk

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| RILEY JACKSON, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware corporation doing business as "AMAZON"; YUYAO HENGMU ELECTROMECHAMICAL INDUSTRY AND TRADE CO., LTD. dba JOYPARTS, a Foreign Corporation doing business in California; and DOES 1 to 50, inclusive,<br><br>Defendant(s). | **Unlimited Civil**<br>**CASE NO:**   25CU032913C<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1.  **Strict Liability (Design Defect)**<br>2.  **Strict Liability (Manufacturing Defect)**<br>3.  **Strict Liability (Failure to Warn)**<br>4.  **Negligence**<br>5.  **Breach of Implied Warranty**<br>6.  **Punitive Damages** |

Come now Plaintiff RILEY JACKSON ("Plaintiff") alleges against Defendants AMAZON.COM, INC., a Delaware corporation doing business in the state of California as "AMAZON" ("Defendant AMAZON"); YUYAO HENGMU ELECTROMECHAMICAL INDUSTRY AND TRADE CO., LTD. dba JOYPARTS, a Foreign Corporation doing business in

California, ("JOYPARTS"), and DOES 1 through 50, inclusive, (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.    This action is for damages related to Defendants' development, designing, testing, inspecting, assembling, manufacturing, packaging, labeling, licensing, preparing, distributing, promoting, marketing, advertising, supplying and/or selling the defective product sold under the name "Upgrade exractor blade and personal jar 32oz cup with to go spout lid, Compatible with Ninja Kitchen System 1200 Watt Power Motor Base BL500, BL500C, BL550,NJ600 /NJ600WN /NJ600C/NJ600CCO/NJ600RC (3)" ( "BLENDER"), which resulted in the physical injury of PLAINTIFF, on September 28, 2023, in San Diego, CA; which resulted in damages to Plaintiff well in excess of the $35,000.00 jurisdictional minimum of this Court.

2.    Further, this litigation arises out of or is connected with the Defendants' activities within the State of California, and the incident occurred within the City of San Diego, County of San Diego, making the Superior Court of California, San Diego Central Division, the proper venue.

## PARTIES

3 .    Plaintiff was, at all times relevant herein, a resident of the City of San Diego County, State of California.

4.    Based on information and belief, Defendant AMAZON.COM, INC., is, and at all relevant times mentioned herein was a Delaware corporation in doing business in the state of California as "AMAZON."

5.    Plaintiff is informed and believes, and on that basis alleges, that Defendant JOYPARTS is, and at all times relevant herein was, a foreign corporation, in good standing, doing business in the state of California.

6.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, and DOES 1 through 50, are in the business of designing, manufacturing, advertising, selling, and distributing blenders and similar products.

7.    Further, Plaintiff is informed and believes, and on that basis alleges, that Defendants designed, manufactured, marketed, distributed, and sold the BLENDER into the stream of commerce

so that it came into Plaintiff's possession.

8.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and, therefore, sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to insert their true names and capacities when ascertained. Plaintiff is informed and believes and therefore alleges that each of these fictitiously named defendants is legally responsible for the events and happenings referred to herein, and legally hereinafter alleged were proximately caused by the acts of such defendants, and each of them.

9.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, each of the defendants was the agent and employee of the remaining defendants and was acting within the scope and purpose of such agency and employment in doing the acts herein alleged.

## FACTUAL ALLEGATIONS

10.    Plaintiff hereby incorporate each and every allegation contained in every preceding paragraph as though fully set forth herein.

11.    Plaintiff is informed and believes and therein alleges that Defendant AMAZON, JOYPARTS, and/or DOES 1 through 50 designed, manufactured, marketed, distributed, and sold the BLENDER.

12.    On August 18, 2023, Plaintiff purchased the BLENDER from Amazon's online shopping website and had it shipped to her parents' house in Huntington Beach, California.

13.    On September 29, 2023, while Plaintiff was using the BLENDER, the plastic container became dislodged from the blade base of the BLENDER during use, causing significant lacerations to Plaintiff's left hand. ("SUBJECT INCIDENT")

### FIRST CAUSE OF ACTION
### Strict Liability - Design Defect
### (Against all Defendants)

14.    Plaintiff hereby incorporates each and every allegation contained in every preceding paragraph as though fully set forth herein.

15.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, developed, designed, tested, inspected, assembled, manufactured, packaged, labeled, licensed, prepared, distributed, promoted, marketed, advertised, supplied, sold, and/or placed the BLENDER

into the stream of commerce.

16.    Defendants have a duty to use reasonable care to design a product that is not unreasonably dangerous to users, and to provide adequate warnings and instructions for their products, including the BLENDER.

17.    Plaintiff is informed and believes and therein alleges that Defendants and each of them owed a duty of care to consumers with respect to the BLENDER. The duty of care owed by Defendants included acting reasonably to ensure that when its products are designed, manufactured, distributed, and sold to consumers, they are safe and come with adequate warnings of any substantial and foreseeable risk of harm.

18.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, the BLENDER was developed, designed, tested, inspected, assembled, manufactured, packaged, labeled, licensed, prepared, distributed, promoted, marketed, advertised, supplied, sold and/or placed into the stream of commerce by Defendants in a condition that was defective and unreasonably dangerous to consumers, including Plaintiff.

19.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, the BLENDER was defective in its design and/or formulation in that it was not reasonably fit, suitable, or safe for its intended purpose, and/or its foreseeable risks exceed the benefits associated with its design and formulation.

20.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, the BLENDER was expected to reach, and did reach, users and/or consumers, including Plaintiff, without substantial change in the defective and unreasonably dangerous condition in which it was manufactured and sold.

21.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, the BLENDER was and is unreasonably dangerous in that, as designed, it failed to perform safely when used by ordinary consumers, including, when it was used as intended and in a reasonably foreseeable manner.

22.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, the BLENDER was and is unreasonably dangerous and defective in design or formulation for

its intended use in that, when it left the hands of the manufacturers and/or suppliers, it posed a risk of serious injury which could have been reduced or avoided, inter alia, by the adoption of feasible reasonable alternative designs. And in fact, there were safer alternative designs for this product.

23. Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, the BLENDER was insufficiently tested and caused harmful adverse effects that outweighed the potential utility.

24. Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, the BLENDER as manufactured and supplied by Defendants is and was defective due to inadequate post-marketing warnings or instructions because, after Defendants knew or should have known the risk of injuries from use and acquired additional knowledge and information confirming the defective and dangerous nature of the BLENDER, Defendants failed to provide adequate warnings to consumers to whom Defendants directly marketed and advertised the BLENDER; and further, Defendants continued to affirmatively promote the BLENDER as safe and effective.

25. But instead, the BLENDER contained defects including inter alia, the BLENDER plastic fastener, which was brittle and unable to withstand general, reasonable, and intended use. Additionally, BLENDER failed to provide sufficient warnings, labels, and/or instructions and safety guidelines.

26. Plaintiff received and at the time of the SUBJECT INCIDENT, utilized the BLENDER in a foreseeable manner as was normally intended, recommended, promoted, and marketed by Defendants.

27. As a direct and proximate result of the BLENDER'S defects, as described herein, the plastic container was not secured to the blades, causing the container to become dislodged from the blade base, resulting in Plaintiff's hands touching the blades and causing significant lacerations to her left hand.

28. The BLENDER design was defective because the BLENDER did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way. As a result, Plaintiff was harmed, and the BLENDER's failure to perform safely was a substantial factor in causing Plaintiff's harm.

29. Plaintiff is informed and believes and therein alleges that as a direct and proximate result of the defective BLENDER, Plaintiff has suffered physical and emotional injuries, past and future economic damages, including past and future medical expenses, as well as past and future non-economic damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other damages to be proven at the time of trial.

### SECOND CAUSE OF ACTION
### Strict Liability - Manufacturing Defect
### (Against all Defendants)

30. Plaintiff hereby incorporates each and every allegation contained in every preceding paragraph as though fully set forth herein.

31. Plaintiff is informed and believes, and on that basis alleges, that Defendants developed, designed, tested, inspected, assembled, manufactured, packaged, labeled, licensed, prepared, distributed, promoted, marketed, advertised, supplied, sold, and/or placed the BLENDER into the stream of commerce.

32. Plaintiff is informed and believes, and on that basis alleges, that BLENDER was in a substandard condition and/or contained a manufacturing defect when it left Defendants' possession, and the defect was a substantial factor in causing Plaintiff's harm.

33. Plaintiff is informed and believes, and on that basis alleges, that there were no modifications made to the BLENDER prior to the SUBJECT INCIDENT.

34. Plaintiff is informed and believes, and on that basis alleges, that at the time of the SUBJECT INCIDENT, Plaintiff was operating the BLENDER in the manner in which it was intended and marketed to be used, and in a reasonably foreseeable manner.

35. Plaintiff is informed and believes, and on that basis alleges, that BLENDER, as manufactured and supplied, was defective due to its no longer being substantially equivalent to its predicate device with regard to safety and effectiveness.

36. Plaintiff is informed and believes and therein alleges that as a direct and proximate result of the defective BLENDER, Plaintiff has suffered physical and emotional injuries, past and future economic damages, including past and future medical expenses, as well as past and future non-

economic damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other damages to be proven at the time of trial.

### THIRD CAUSE OF ACTION
### Strict Liability - Failure to Warn
### (All Plaintiffs Against all Defendants)

37.    Plaintiff hereby incorporates each and every allegation contained in every preceding paragraph as though fully set forth herein.

38.    Plaintiff is informed and believes, and on that basis alleges, that Defendants developed, designed, tested, inspected, assembled, manufactured, packaged, labeled, licensed, prepared, distributed, promoted, marketed, advertised, supplied, sold, and/or placed the BLENDER into the stream of commerce.

39.    Defendants have a duty to provide adequate warnings and instructions for their products, including the BLENDER, to use reasonable care to design a product that is not unreasonably dangerous to users.

40.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, the BLENDER was defective and unreasonably dangerous when it left the possession of the Defendants in that it contained warnings insufficient to alert consumers, including Plaintiff, of the dangerous risks associated with the subject product, including but not limited to the risk of the nitrous oxide charger holder would explode through the plastic fastening during reasonable, expected, and intended use.

41.    The BLENDER had potential risks that were known to Defendants at the time of the manufacture, distribution, and/or sale of the BLENDER. The potential risks presented a substantial danger when the BLENDER was used or misused in an intended or reasonably foreseeable way, and an ordinary consumer would not have recognized the potential risks. Defendants, and each of them, failed to adequately warn and/or instruct of the potential risks. Plaintiff was harmed, and the lack of sufficient instructions and/or warnings was a substantial factor in causing Plaintiff's harm.

42.    Plaintiff is informed and believes, and on that basis alleges, that information provided by Defendants to consumers concerning the safety of the BLENDER did not accurately reflect the

serious risks they could suffer.

43.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, the BLENDER was dangerous and presented a substantial danger to consumers who used it, and these risks and dangers were known or knowable at the time of distribution. Ordinary consumers would not have recognized the potential risks and dangers the BLENDER posed to consumers because it was specifically promoted as a safe product intended to dispense whipped cream to food and beverage products.

44.    Had adequate warnings and instructions been provided, Plaintiff would not have been harmed. But Defendants failed to provide warnings of such risks and dangers, and Plaintiff could not have learned through the exercise of reasonable care, the risks of serious injury and/or death associated with and or caused by the BLENDER.

45.    Plaintiff is informed and believes, and on that basis alleges, that Defendants knew or had knowledge that the warnings that were given failed to properly warn of the increased risk of serious injury and/or death associated with and/or caused by the BLENDER. The BLENDER was without any safety disclosures to Plaintiff's knowledge.

46.    Plaintiff reasonably relied upon the skill, superior knowledge, and judgment of the Defendants regarding the BLENDER.

47.    Defendants had a continuing duty to warn consumers, including Plaintiff of the dangers associated with the subject product.

48.    Plaintiff is informed and believes, and on that basis alleges, that safer alternatives were available that were effective and without risks posed by the BLENDER.

49.    Plaintiff is informed and believes and therein alleges that as a direct and proximate result of the defective BLENDER, Plaintiff has suffered physical and emotional injuries, past and future economic damages, including past and future medical expenses, as well as past and future non-economic damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other damages to be proven at the time of trial.

///

## FOURTH CAUSE OF ACTION
### Negligence
### (All Plaintiffs Against all Defendants)

50.    Plaintiff hereby incorporates each and every allegation contained in every preceding paragraph as though fully set forth herein.

51.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant hereto, Defendants were in the business of developing, designing, testing, inspecting, assembling, manufacturing, packaging, labeling, licensing, preparing, distributing, promoting, marketing, advertising, supplying, selling, and/or placing into the stream of commerce, various blenders, and other similar products, including the BLENDER.

52.    At all times relevant hereto, Defendants were under a duty to act reasonably to develop, design, test, inspect, assemble, manufacture, package, label, license, prepare, distribute, promote, market, advertise, supply, sell, and/or place into the stream of commerce, a product that did not present a risk of harm or injury to consumers, to Plaintiff, and to those people receiving the BLENDER.

53.    Further, Defendants, acting as manufacturers and/or suppliers of goods, had a special relationship with buyers and foreseeable consumers, such as Plaintiff. This special relationship gave rise to a duty of care.

54.    Plaintiff is informed and believes, and on that basis alleges, that at the time of the manufacture and sale of the BLENDER, Defendants knew or reasonably should have known the BLENDER:

    a.    Was designed and manufactured in such a manner so as to present an unreasonable risk when attempting to dispense whipped cream or other general use;

    b.    Was designed and manufactured so as to present an unreasonable risk of the nitrous oxide charger exploding when dispensing whipped cream or in other general use;

    c.    Despite the aforementioned duty on the part of Defendants, they breached their duty of reasonable care and were negligent by:

    d.    Unreasonably and carelessly failing to properly warn of the dangers and risks of harm associated with the BLENDER;

    e.    Unreasonably and carelessly failing to provide a user manual and/or instructions

GOMEZ TRIAL ATTORNEYS

regarding the proper use of the BLENDER;

f. Unreasonably and carelessly manufacturing a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal use;

g. Unreasonably and carelessly marketing a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal use and the use that was advertised; and

h. Unreasonably and carelessly designing a product that presented a risk of harm to Plaintiff and others similarly situated, in that it was prone to fail.

55. Plaintiff is informed and believes and therein alleges that as a direct and proximate result of the defective BLENDER, Plaintiff has suffered physical and emotional injuries, past and future economic damages, including past and future medical expenses, as well as past and future non-economic damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other damages to be proven at the time of trial.

### FIFTH CAUSE OF ACTION
**Breach of Implied Warranty**
**(All Plaintiffs Against all Defendants)**

56. Plaintiff hereby incorporates each and every allegation contained in every preceding paragraph as though fully set forth herein.

57. Plaintiff is informed and believes, and on that basis alleges, that Plaintiff received the BLENDER in brand new condition from Defendants. At all times relevant herein, Defendants were merchants of goods, including BLENDER and other related products.

58. Plaintiff is informed and believes, and on that basis alleges, that Defendants developed, designed, tested, inspected, assembled, manufactured, packaged, labeled, licensed, prepared, distributed, promoted, marketed, advertised, supplied, sold, and/or placed the BLENDER into the stream of commerce.

59. Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, Defendants intended the BLENDER to be used in the manner that Plaintiff in fact used it.

60. Plaintiff is informed and believes, and on that basis alleges, that Defendants impliedly

GOMEZ TRIAL
ATTORNEYS

-10-

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

warranted the BLENDER to be of merchantable quality, safe and fit for the use which Defendants intended and which Plaintiff in fact used it.

61. Defendants breached their implied warranties as follows:

a. Defendants failed to provide the warning or instruction and/or an adequate warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk, in light of the likelihood that the BLENDER would cause harm;

b. Defendants manufactured and/or sold the BLENDER and said the BLENDER did not conform to representations made by the Defendants when it left the Defendants' control;

c. Defendants manufactured and/or sold the BLENDER, which was more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the foreseeable risks associated with the BLENDER design or formulation exceeded the benefits associated with that design;

d. Defendants manufactured and/or sold the BLENDER when it deviated in a material way from the design specifications, formulas, or performance standards, or from otherwise identical units manufactured to the same design specifications, formulas, or performance standards, and these defects existed at a time the product left the Defendant's control.

62. Further, Defendants' marketing of the BLENDER was false and/or misleading.

63. Plaintiff relied on Defendants' representations that the BLENDER was safe, well-tolerated, efficacious, and fit for its intended and marketed purpose, and was of marketable quality, that it did not produce any unwarned-of dangerous risks, and that it was adequately tested, when they received the BLENDER.

64. Plaintiff is informed and believes, and on that basis alleges, that the BLENDER was unfit and unsafe for use as it posed an unreasonable risk and extreme risk of injury to persons using said product, and accordingly, Defendants breached their expressed warranties and the implied warranties associated with the product.

65. The foregoing warranty breaches were a substantial factor in causing Plaintiff's injuries

and damages alleged herein.

66.    Plaintiff is informed and believes and therein alleges that as a direct and proximate result of the defective BLENDER, Plaintiff has suffered physical and emotional injuries, past and future economic damages, including past and future medical expenses, as well as past and future non-economic damages including physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, and other damages to be proven at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

1.    For past and future non-economic damages according to proof;

2.    For economic damages, including but not limited to: past and future medical expenses, past property damages, and past and future loss of earnings and earning capacity, according to proof;

3.    For costs of suit herein incurred;

4.    For prejudgment interest as provided by law; and

5.    For such further relief as the court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury in this matter.

///
///
///
///
///
///
///
///
///

GOMEZ TRIAL
ATTORNEYS

-12-

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

DATED:   June 24, 2025                              **GOMEZ TRIAL ATTORNEYS**

John H. Gomez, Esq
Madison L. Henry, Esq.
Attorneys for Plaintiff
RILEY JACKSON


DATED:   June 24, 2025                              **LAW OFFICE OF SAMUEL G. LYNN**

*/s/* Samuel G. Lynn
Samuel G. Lynn, Esq.
Attorney for Plaintiff
RILEY JACKSON

GOMEZ TRIAL
ATTORNEYS

-13-

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL